[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2011
JOHN LEY
CLERK

No. 11-10035
Non-Argument Calendar

_____

D. C. Docket No. 8:09-cv-00321-VMC-TBM

GUILLERMO RAMIREZ,

Plaintiff-Appellant,

versus

E.I. DUPONT DE NEMOURS & COMPANY,
a foreign corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 13, 2011)

Before DUBINA, Chief Judge, HULL and BLACK, Circuit Judges.

PER CURIAM:

This is an appeal from a district court's judgment entered on a jury verdict in a product liability case. The plaintiff-appellant, Guillermo Ramirez ("Ramirez"), alleged in his complaint that he used E.I. du Pont de Nemours & Company's ("Du Pont") product Benlate in conjunction with his farming operations. Ramirez asserted that Benlate is a defective product because it contains a known carcinogen: Atrazine. Ramirez filed his complaint alleging strict liability and negligence. He also contended that the use of Benlate caused him to contract cancer.

The case was tried to a jury and the jury, on special interrogatories, returned a verdict favorable to Du Pont. Specifically, although the jury found that Benlate was a defective product, it did not find that the Benlate was the cause of Ramirez's cancer. The district court, after denying Ramirez's Rule 50(b) Federal Rule of Civil Procedure motion for judgment as a matter of law and new trial on damages, or in the alternative, Rule 50(b) and Rule 59(a) motion for new trial, entered a judgment on the jury's verdict. Ramirez then perfected this appeal.

This court reviews a district court's determination of a motion for judgment as a matter of law or new trial *de novo*. *Ross v. Rhodes Furniture*, *Inc.,* 146 F.3d 1286, 1289 (11th Cir. 1998); *Quick v. Peoples Bank*, 993 F.2d 793, 797 (11th Cir.

2

1993).  We review a district court's *Daubert*[1] rulings under an abuse of discretion standard.  *McClain v Metabolife International, Inc.*, 401 F.3d 1233, 1238 (11th Cir. 2005).

After reviewing the record and reading the parties' briefs, we see no reason to disturb the jury's verdict and the final judgment entered for Du Pont.  First, Ramirez argues that the verdict in the case was inconsistent because it determined that Du Pont's product, Benlate, was defective, but that such product was not the cause of Ramirez's injuries.  We agree with the district court that Ramirez's argument lacks merit because defect and causation are separate elements of the causes of action at issue, and it was proper for the jury to evaluate them separately.  Accordingly, we agree with the district court that the verdict was not inconsistent.

We also agree with the district court that the jury's verdict was not contrary to the overwhelming weight of the evidence in the case.  The record supports that the jury was presented with numerous plausible reasons for determining that Benlate did not cause Ramirez's cancer.  For example, the jury heard that when Ramirez sprayed his crops, he rode inside an enclosed tractor cab, wore protective clothing, including goggles, a mask, a jumpsuit, gloves and boots, and had minimal exposure to the chemicals.  Additionally, the jury was presented with

---

[1]*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786 (1993).

evidence demonstrating that Ramirez had a history of diabetes, obesity, high cholesterol, high blood pressure and a family history of cancer. Moreover, the jury heard that Ramirez had a history of smoking cigarettes. Finally, the jury heard expert testimony tending to show that the Benlate in question did not contain contaminates at a level high enough to cause Ramirez's injuries.

The law is clear in this circuit that a district court should only grant a judgment as a matter of law or new trial when the verdict is against the clear weight of the evidence or will result in a miscarriage of justice. *See Lipphardt v. Durango Steakhouse of Brandon, Inc.*, 267 F.3d 1183, 1186 (11th Cir. 2001); *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984). We agree with the district court's finding that Ramirez failed to satisfy his high burden for obtaining a new trial or a judgment as a matter of law on the basis of the weight of the evidence.

Finally, Ramirez attacks Du Pont's expert, Dr. Cohen by contending that the testimony of Dr. Cohen should have been stricken. We disagree. Dr. Cohen is one of the world's leading experts in cancer and chemical causation and he considered the type of scientific and factual information that experts in his field would reasonably rely upon. The opinions he offered at trial were not speculative, and he did not make improper assumptions. Accordingly, we see no abuse of

4

discretion in the district court's permitting Dr. Cohen to testify as an expert witness and in refusing to strike Dr. Cohen's opinions.

For the foregoing reasons, we affirm the district court's judgment entered on the jury's verdict.

**AFFIRMED.**